# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 7, 2014

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

148921

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                         SC: 148921
                                         COA: 311760
                                         Oakland CC: 2012-239764-FH

CHARLES WILLIAM O'NEAL,
      Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the January 21, 2014 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

VIVIANO, J. (*dissenting*).

I respectfully dissent from the Court's order denying defendant's application for leave to appeal.

This case arises from defendant's conviction of attempted first-degree home invasion. Before trial, the trial court granted the prosecution's motion to admit three prior breaking and entering convictions and one prior conviction of receiving and concealing stolen property. The prosecution offered the convictions to rebut defendant's claim that he did not intend to break into the house when he kicked the front door but rather was in need of assistance and became frustrated when the occupants refused to open the door.

As I explained in my dissenting statement in *People v Reynolds*,[1] I believe that a decision to admit other-acts evidence to show intent merits more than cursory review.

---

[1] *People v Reynolds*, 495 Mich 940 (2014) (VIVIANO, J., dissenting).

And I continue to believe that this Court should intervene in appropriate cases to ensure that lower courts "vigilantly weed out character evidence" to avoid the "common pitfall" of admitting "poorly disguised" propensity evidence.[2]  Otherwise, there is little incentive for courts to take seriously their duty to serve as the gatekeepers of evidence.

Indeed, here it appears that the trial court abdicated its gatekeeping role by admitting the prior convictions merely because they were offered to show intent.[3]  The trial court made no effort to assess the prior convictions to determine their logical relevance and failed to weigh the probative value of the convictions against their prejudicial effect.[4]  Although the trial court stated on the record that it would make those determinations at a later date, it did not do so.  This raises an especially significant concern in this case in which the trial court repeatedly acknowledged that the sufficiency of the evidence hinged on admission of the prior convictions.  The bar for admission of other-acts evidence to prove intent may be relatively low,[5] but the trial court still must conduct the basic analysis required by our evidentiary rules to ensure that the bar is cleared.[6]

CAVANAGH and MCCORMACK, JJ., join the statement of VIVIANO, J.

---

[2] *People v Crawford*, 458 Mich 376, 387, 388, 397 n 14 (1998).

[3] See *id.* at 387; MRE 404(b) (listing intent as one of the purposes for which a prosecutor may seek to admit other-acts evidence).

[4] See *Reynolds*, 495 Mich at 940-942 (VIVIANO, J., dissenting); *People v VanderVliet*, 444 Mich 52, 74-75 (1993).

[5] See *Reynolds*, 495 Mich at 942 (VIVIANO, J., dissenting).

[6] See *VanderVliet*, 444 Mich at 74-75  (directing courts "to employ the evidentiary safeguards already present in the Rules of Evidence" as identified in *Huddleston v United States*, 485 US 681, 691-692 (1988): (1) the evidence must be offered for a proper purpose under MRE 404(b); (2) the evidence must be relevant under MRE 402 as enforced through MRE 104(b); (3) the probative value of the evidence must not be substantially outweighed by unfair prejudice under MRE 403; and (4) the trial court may, upon request, provide a limiting instruction to the jury under MRE 105).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 7, 2014



Clerk

d1104